JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
James Wright

**DEFENDANTS**
County of Camden

**(b)** County of Residence of First Listed Plaintiff: Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Camden
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Catalano Law - Randy P. Catalano, Esq.
401 Kings Hwy, S. Suite 4A, Cherry Hill NJ 08034
(856) 281-9860

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

(Note: Defendant box 1 marked with X)

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Violation of Constitutional rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
N/A
JUDGE: _____ DOCKET NUMBER: _____

DATE: 6/30/21
SIGNATURE OF ATTORNEY OF RECORD: [signed]

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

CATALANO LAW
RANDY P. CATALANO, ESQUIRE
ATTORNEY ID# 024491982
401 Kings Highway South, Suite 4A
Cherry Hill, NJ  08034
T: (856) 281-9860
F: (856) 281-9859
Email: rcatalano@catalanolaw.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES WRIGHT,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF CAMDEN, OFFICER BENJAMIN QUINONES, OFFICER LUIS GONZALEZ, JOHN DOES 1-25 (fictitious names), and JOHN DOES 26-50 (fictitious names),<br><br>　　　　　　Defendants. | CIVIL NO.<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff, James Wright, by way of Complaint against defendants says:

### COUNT ONE
(Jurisdiction and Venue)

1. Plaintiff, James Wright, brings this action against defendants to recover damages for deprivation and violation of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, by 42 U.S.C. § 1983 and also by the New Jersey Constitution.

2. Plaintiff seeks redress for defendants' violations of his Fourth Amendment rights to be free from unlawful arrest, false imprisonment, and malicious prosecution; for their violations of his Fourteenth Amendment rights to liberty and due process of law; for their violation of his rights provided 42 U.S.C. § 1983; for conspiring with each other to violate his rights under the Fourth and Fourteenth Amendments; and for their violations of constitutional rights, including but not limited to his rights to be free from false arrest, false

imprisonment, malicious prosecution, emotional distress and other negligent acts and for defendants' conspiracy to commit these violations.

3. This court has jurisdiction over this action under 28 U.S.C. § 1331 and 1343 (a) for violation of constitutional rights as provided in 42 U.S.C. § 1983. Plaintiff seeks monetary damages as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4. Plaintiff also invokes the supplemental jurisdiction of this court over his state law claims against defendants pursuant to 28 U.S.C. § 1367 because these claims form a part of the same case or controversy.

5. Venue is proper in the District Court pursuant to 28 U.S.C. § 1391 because the acts which form the basis of these claims occurred in the City of Camden, County of Camden, State of New Jersey.

## COUNT TWO
(Parties)

6. Plaintiff, James Wright, is an individual who currently resides at 4 Covington Drive, Sicklerville, NJ 08081.

7. Defendant, County of Camden, with its offices located at 520 Market Street, Camden, NJ 08102, is a governmental entity, a local public entity and/or an instrumentality for the State of New Jersey, which manages, controls and/or is responsible for the actions of the Camden County Police Department and/or its employees.

8. Defendant, County of Camden, with its police department headquarters at 520 Market Street, Camden, NJ 08102, is a governmental entity, a local public entity and/or an instrumentality for the State of New Jersey, which employs the police officers who carry out the day-to-day police duties within the County of Camden and is the entity which is responsible for providing police protection to the residents, inhabitants, visitors and all other individuals within the lawful boundaries of the County of Camden Point and perform all activities and services commonly provided by a police department. At all times relevant hereto, Defendant, County of Camden, was the employer of the police officers and/or other individuals involved in the subject incident which is more fully described hereinafter and was responsible for the supervision and conduct of said officers.

9. Defendants, Officer Benjamin Quinones, Officer Luis Gonzalez, and John Doe Police Officers 1-25 (fictitious names), were police officers employed by the County of Camden and at all times relevant hereto were responsible for the maintenance and control of public safety for the County of Camden.

11. Defendants, John Does 26-50, are fictitious designations for unknown or unidentified parties to this action who were employees of the County of Camden who may have been responsible for the actions and/or inactions of the other defendants named herein.

12. At all times relevant hereto, the defendants, Officer Benjamin Quionones, Officer Luis Gonzalez, John Doe Police Officers 1-25 (fictitious names) and/or John Does 26-50, were acting under color of State Law pursuant to their sworn authority as police officers and/or other employees of the County of Camden.

13. In this action, the Plaintiff, James Wright, asserts that he was deprived of his constitutional rights, privileges and immunities secured by the Fourth and Fourteenth Amendments.

## COUNT THREE
(Facts)

14. At all relevant times alleged herein, Plaintiff, James Wright, was a resident of the City of Camden, County of Camden, New Jersey.

15. The incident in question took place on July 1, 2019 after 11:00 p.m. while Plaintiff, James Wright, was attempting to go to bed in order to be up for work the following morning at 4:00 a.m.

16. Apparently, Mr. Wright's former girlfriend, Juvya Pickett, contacted the County of Camden police department claiming that plaintiff had just assaulted her and that he was in possession of a handgun.

17. Ms. Pickett's statements to the police were neither accurate nor true and were clearly inconsistent which should have been clear to the defendant police officers.

18. Instead of waiting to obtain the plaintiffs version of events, the defendant police officers instead knocked on plaintiff's door without a warrant and arrested him and brought him down to the police station.

19. Plaintiff was charged with unlawful possession of a handgun, certain person not to have a weapon and aggravated assault on the Complainant.

20. Plaintiff was incarcerated and spent seven (7) days in the Camden County Jail before being released.

21. Two of the charges were dismissed and the remaining charge was downgraded to a Municipal Court offense where it was also dismissed.

22. The charges were all dismissed which acknowledges and confirms that there was an absence of probable cause for plaintiff's arrest, incarceration or prosecution.

23. The information and/or evidence provided by the defendant officers to the judge in order to show probable cause was insufficient, inaccurate and/or untrustworthy.

24. As a direct and proximate result of said arrest charges and incarceration, plaintiff was caused to lose his Iron Workers Union Employment, in the amount of approximately $15,000.00, his apartment and as well suffered emotional distress.

25. The Defendants' actions also constituted a violation of Plaintiff's constitutional rights for which he is entitled to damages, attorney fees and costs.

## COUNT FOUR

(42 U.S.C. § 1983 Fourth Amendment Violations Against Individual Defendants)

26. Plaintiff repeats and reasserts the contents of all preceding paragraphs as if set forth at length herein.

27. Plaintiff's wrongful arrest and false imprisonment by the defendants jointly, severally and/or in the alternative was carried out with malice and without legal justification or probable cause.

28. As a direct and proximate result of the defendant Officers, Plaintiff sustained emotional distress, was unable to attend to his usual and customary affairs, including lost wages from work and was otherwise injured and damaged.

WHEREFORE, plaintiff, James Wright, demands judgment against Officer Benjamin Quionones, Officer Luis Gonzalez, John Does 1-25 and/or John Does 26-50 (fictitious names) for compensatory damages and punitive damages together with interest, attorney fees and costs of suit.

## COUNT FIVE

(New Jersey State Constitution Violations Against Individual Defendants)

29. Plaintiff repeats and reasserts the contents of all preceding paragraphs as if set forth at length herein.

30. The aforesaid improper actions of the individual defendant Police Officers also violated Plaintiff's clearly established constitutional rights under the New Jersey State Constitution.

31. Plaintiff is entitled to seek redress for the previously referenced improper actions in a private civil action pursuant to the New Jersey Civil Rights Act.

32. As a direct and proximate result of the aforementioned violations of the Plaintiff's state law rights, he sustained the aforementioned injuries and damages.

33. Plaintiff is also entitled to attorney fees pursuant to N.J.S.A. 10:6-2, for the claims set forth herein.

WHEREFORE, plaintiff, James Wright, demands judgment against Officer Benjamin Quionones, Luis Gonzalez, John Does 1-25 and/or John Does 26-50 (fictitious names), for compensatory damages and punitive damages together with interest, attorney fees and costs of suit.

## JURY DEMAND

Plaintiffs hereby demands a jury trial as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Randy P. Catalano is hereby designated as trial counsel.

*Randy P. Catalano* (signature)
Randy P. Catalano, Esquire
Attorney for Plaintiff

Dated: June 30, 2021