[ECF No. 29]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMES WRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF CAMDEN et al.,<br><br>    Defendants. | Civil No. 21-13158 (KMW/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Amend Complaint [ECF No. 29] filed by Plaintiff James Wright. The Court received the opposition of Defendants County of Camden and Camden County Police Department ("CCPD") Officers Benjamin Quinones and Luis Gonzalez (collectively, "Defendants") [ECF No. 33], Plaintiff's reply [ECF No. 34], as well as Defendants' sur-reply [ECF No. 37].[1] The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed in detail, Plaintiff's motion is **DENIED**.

I.   BACKGROUND

Plaintiff filed this civil rights action on June 30, 2021 asserting claims pursuant to state and federal law against Defendants in connection with an incident that took place on July 1, 2019. *See* Compl. [ECF No. 1]. Specifically, Plaintiff's complaint names the following parties as defendants: County of Camden, CCPD Officer Benjamin Quinones, CCPD Officer Luis Gonzalez, John Does

---

[1] Defendants sought permission to submit a proposed sur-reply addressing new arguments raised in Plaintiff's reply, and a revised proposed amended pleading attached thereto, as discussed, *infra*.

1–25 (fictitious names), and John Does 26–50 (fictitious names). *See id.* ¶¶ 7–12. Plaintiff alleges that sometime after 11:00 p.m. on July 1, 2019, he was attempting to go to bed when the defendant CCPD officers arrived at his door without a warrant, arrested him, and took him to the police station. *See id.* ¶¶ 14–18. Plaintiff contends his former girlfriend, Juvya Pickett, contacted the CCPD and falsely claimed Plaintiff had assaulted her and was in possession of a handgun. *See id.* ¶¶ 16–17. Despite alleged inaccuracies and inconsistencies with Ms. Pickett's statements, which Plaintiff contends "should have been clear," Ms. Pickett's statements ultimately precipitated the defendant CCPD officers' response. *Id.* ¶¶ 17–18. Plaintiff was later charged with, *inter alia*, unlawful possession of a handgun and aggravated assault. *See id.* ¶ 19. He was incarcerated for seven days. *See id.* ¶ 20. All charges were eventually dismissed. *See id.* ¶ 21. Plaintiff contends the dismissal of these charges confirms the lack of probable cause for his arrest and incarceration. *See id.* ¶ 22. Plaintiff further contends that his arrest and incarceration caused him to lose his employment and apartment, and to suffer emotional distress. *See id.* ¶ 24. As a result, Plaintiff asserts a claim against Defendants under 42 U.S.C. § 1983 for false arrest and false imprisonment in violation of his Fourth Amendment rights. *See id.* ¶¶ 26–28. Plaintiff also asserts a claim under the New Jersey Civil Rights Act for violations of his state constitutional rights. *See id.* ¶¶ 29–33.

Following the initial scheduling conference on August 17, 2021, a Scheduling Order was issued prescribing, *inter alia*, that the deadline for amendments to the pleadings would expire on November 1, 2021. *See* Order ¶ 7 [ECF No. 14]. The Court held three status conferences with the parties thereafter—on November 15, 2021, February 14, 2022, and March 31, 2022. The Court also issued two Amended Scheduling Orders—on January 21, 2022 [ECF No. 22] and April 1, 2022 [ECF No. 26], respectively. Notably, Plaintiff never sought to extend the deadline to amend the pleadings at any time prior to its expiration, nor any time thereafter. Instead, Plaintiff filed a

letter with the Court following the March 31, 2022 status conference in which he raised the prospect of filing a motion to amend for the first time. *See* Pl.'s Letter, Apr. 1, 2022 [ECF No. 27].

On May 25, 2022, Plaintiff filed the instant motion seeking leave to amend his complaint to substitute CCPD Sergeant George Lewis in place of one of the fictitious John Doe defendants. *See* Catalano Cert. ¶ 4 [ECF No. 29 at pp. 4–5]. Attached to the motion is a copy of Plaintiff's proposed First Amended Complaint ("FAC") [ECF No. 29 at pp. 6–10]. Absent, however, is a copy of the proposed amended pleading indicating "in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15.1(a)(2). Plaintiff also failed to file a brief in support of his motion, or an alternative statement that no brief is necessary and the reasons therefor, as required by Local Civil Rule 7.1(d). Furthermore, Plaintiff's supporting certification includes arguments of fact in direct violation of Local Civil Rule 7.2(a). Despite the failure to comply with these procedural requirements, in the interests of expediency, the Court nevertheless considers the motion. At the same time, however, because of the aforementioned deficiencies, Plaintiff submits little in support of his motion. *See* Catalano Cert. ¶¶ 3–4. In sum, Plaintiff argues it was disclosed at Sergeant Lewis' "deposition on January 11, 2022 . . . that he provided some of the factual information for the Affidavit of Probable Cause and was ultimately responsible for charging [] Plaintiff with the crimes arising from [the July 1, 2019] incident." *Id.* ¶ 3. As such, Plaintiff now seeks to add Sergeant Lewis as a named defendant in this matter.

Defendants oppose the motion arguing it must be denied as untimely, or in the alternative, because the proposed amendment is futile. *See* Opp'n at 1. To start, Defendants argue "Plaintiff's protracted and unjustified delay in seeking to amend his pleadings" warrant denying the motion. *Id.* at 4. Simply put, Defendants submit that "[t]here is no reason [why] Plaintiff could not have

3

filed this motion by November 1, 2021—the deadline to amend set forth in the Scheduling Order." *Id.* Defendants contend that Plaintiff was aware of Sergeant Lewis' involvement in the underlying matter as early as August 31, 2021, the date Defendants produced certain documents to Plaintiff. Defendants' production "included the CCPD arrest report, incident report, and the supplemental offense report completed by Sergeant Lewis." *Id.* It "also included video recorded statements by Plaintiff and Ms. Pickett taken by Sergeant Lewis on the date of the incident." *Id.* In addition, on September 3, 2021, Defendants served their initial disclosures identifying Sergeant Lewis by name and providing a summary of his potential knowledge regarding the incident. *See id.* at 4–5. Thus, Defendants argue Plaintiff's purported basis for filing the motion fails to tell the full story. While Plaintiff may have learned of new information during Sergeant Lewis' deposition, Defendants contend it cannot be disputed that Plaintiff possessed the information giving rise to the proposed amendment far in advance of the November 1, 2021 deadline. Finally, Defendants seek to correct the record, contending that Plaintiff took Sergeant Lewis' deposition on March 21, 2022 and not January 11, 2022, as stated in his motion. *See id.* at 5 n.1.

Defendants alternatively argue Plaintiff's motion should be denied on the basis of futility. Defendants allege the proposed amendment "simply identifies Sergeant Lewis by name" but fails to "assert any factually allegations" related to him, let alone "factual allegations sufficient to state a claim against" him. *Id.* at 6. As such, Defendants contend the proposed amendment suffers from impermissible group pleading which renders it futile.

In his reply, Plaintiff objects to Defendants' timeliness argument, contending the motion is timely because he only recently learned of the information underlying the proposed amendment. *See* Reply at 1. While Plaintiff concedes that the deadline has long since passed, he argues that "it wasn't until the recent deposition of [Sergeant] Lewis that [he] became aware that the Affidavit of

Probable Cause . . . was prepared by [Sergeant] Lewis but signed by [Defendant] Quinones." *Id.* Plaintiff further argues that the Affidavit of Probable Cause "included a statement by [Sergeant] Lewis which was not identified" because "he did not actually sign the Affidavit." *Id.* Plaintiff supports this contention, however, by citing to the transcript testimony of Defendant Quinones' deposition—which Plaintiff took nearly two months prior to Sergeant Lewis' deposition. *See id.* Plaintiff "concede[s] that [he] knew about [Sergeant] Lewis['] involvement from early on," but does not expound upon this statement beyond repeating the preceding argument. *Id.* at 2. Lastly, Plaintiff attempts to respond to Defendants' futility argument by attaching "a newly revised proposed Amended Complaint" to his reply. *Id.*

Defendants sought permission to file a proposed sur-reply in response to the new arguments raised in Plaintiff's reply, and Plaintiff's attempt to submit a revised proposed amended pleading. *See* Sur-Reply at 1. The Court granted the request in the interest of fairness. This notwithstanding, the Court need not address the totality of Defendants' sur-reply brief. This brief is largely devoted to refuting or responding to arguments and positions that patently and pervasively exceed the permissible scope of argument on reply.[2] The Court, therefore, will not belabor these points. As such, the only remaining item to be discussed is Defendants' response to Plaintiff's position on the issue of timeliness. *See id.* at 2. Defendants contend that the date upon which Plaintiff took Sergeant Lewis' deposition is irrelevant here. *Id.* Instead, Defendants submit that the relevant date

---

[2] *See generally Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (citation omitted) ("It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted."); *see also SmithKline Beecham PLC v. Teva Pharms. USA, Inc.*, Nos. 04-215, 05-536, 2007 WL 1827208, at *1 (D.N.J. June 22, 2007) ("Principles regarding reply briefs also apply to sur-reply briefs."). Moreover, "Plaintiff shall not . . . be permitted to make the additional amendments included in his reply brief for the first time." *Napier v. City of New Brunswick*, No. 17-4152, 2018 WL 6573465, at *5 (D.N.J. Dec. 13, 2018) (emphasis in original) ("The concept that replies are limited to responding to the non-moving party's arguments or reinforcing the moving party's **original** position is universal.").

"is the date on which amendment became possible as to Sergeant Lewis." *Id.* In his own words, Defendants reiterate, "Plaintiff knew about [Sergeant] Lewis['] involvement from early on." *Id.* (quoting Reply at 2). Thus, Defendants maintain Plaintiff has failed to set forth an adequate basis for his delay in seeking the amendment and that this alone demands his motion be denied.

## II. DISCUSSION

### A. Legal Standard

The threshold issue in resolving a motion to amend is determining whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 16 on the other hand provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *see, e.g.*, *Eastern Mins. & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (concluding the district court "acted well within its discretion when it denied [the plaintiff's] motion to amend the complaint six months after the amendment" deadline had expired).

Unlike the liberal standard of Rule 15(a)(2), "and its focus on the question of prejudice to the non-moving party, Rule 16(b)(4) focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see Premier Comp Sols. LLC*, 970 F.3d at 319. In assessing diligence, the Court asks whether the moving party

6

possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Arzadi v. Evanston Ins. Co.*, No. 17-5470, 2021 WL 1712527, at *2 (D.N.J. Apr. 29, 2021) (citation omitted). "Good cause" to amend a scheduling order may be found where "the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline." *In re: Paulsboro Derailment Cases*, No. 13-0784, 2015 WL 6163962, at *1 (D.N.J. Oct. 20, 2015) (alteration in original) (citation omitted). "Nevertheless, courts regularly find that the standard is not satisfied when a party was aware of the facts that would lead it to amend and failed to act on it." *Roggio v. F.B.I.*, No. 08-4991, 2011 WL 3625042, at *5 (D.N.J. Aug. 17, 2011) (collecting cases).

**B. Analysis**

Here, the Court finds Plaintiff has failed to satisfy Rule 16(b)(4)'s good cause standard and that his motion must be denied. At the outset, the Court must revisit the fact that Plaintiff failed to submit a brief in support of his motion and, therefore, forfeited any arguments which could have been raised in support of the proposed amendment. *See Premier Comp Sols. LLC*, 970 F.3d at 319 (finding the district court did not abuse its discretion in ignoring the plaintiff's "attempt to address Rule 16(b)(4)'s 'good cause' standard" in its reply after having failed to first raise it in its motion). Notably, Plaintiff sets forth no legal argument in support of his motion in the first instance, thereby forfeiting any legal argument that otherwise could have been raised. Although the Court took care to outline the arguments raised in Plaintiff's reply, the Court need not consider them having already found Plaintiff forfeited his right to raise them. *See, e.g.*, *Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.*, 11 F.3d 385, 388 (3d Cir. 1993) ("The district court properly exercised its discretion and refused to consider contentions first addressed in [a] sur[-]reply memorandum").

As such, the only argument Plaintiff proffers and, therefore, the only argument the Court can consider is a factual one—which hinges on when Plaintiff learned of Lewis' involvement in preparing the Affidavit of Probable Cause. In sum, Plaintiff contends that it was not until he took the deposition of Sergeant George Lewis on March 21, 2022 that he learned of Lewis' involvement in preparing the Affidavit.[3] *See* Catalano Cert. ¶¶ 3–4. However, the testimony of Defendant CCPD Officer Benjamin Quinones at his January 11, 2022 deposition outright contradicts this. *See* Quinones Dep. [ECF No. 34 at pp. 3–6]. In fact, counsel for Plaintiff repeatedly references Sergeant Lewis by name at the deposition and specifically in connection with Lewis' alleged role in preparing the Affidavit. *See, e.g., id.* at 86:16–20; 89:9–24; 90:15–91:9; 94:11–13; 95:1–4; 97:20–24; 98:16–100:5. This clearly indicates that Plaintiff was not only aware of Lewis' potential involvement in early 2022, but also that he possessed the precise facts underlying the proposed amendment which Plaintiff now purports was not in his possession at that time. More critically, the Court finds that Plaintiff possessed this very information as early as August 31, 2021, the date on which he was served with Defendants' document production. *See* Opp'n at 4. This production "included the CCPD arrest report, incident report, and the supplemental offense report completed by Sergeant Lewis." *Id.* In particular, the production also "included video recorded statements by Plaintiff and Ms. Pickett taken by Sergeant Lewis on the date of the incident." *Id.* Furthermore, less than one week after Defendants served this production, Defendants identified Sergeant Lewis by name along with a summary of his potential knowledge regarding this matter. *See id.* at 4–5. Accordingly, the Court finds it is without question that Plaintiff possessed—or at a bare minimum,

---

[3] To be clear, Plaintiff asserts that Sergeant Lewis' deposition took place on January 11, 2022. *See* Catalano Cert. ¶ 3. However, Defendants clarified in their opposition that it actually occurred on March 21, 2022, which Plaintiff did not dispute in his reply. *See* Opp'n at 5 n.1; *see also* Reply.

through exercising reasonable diligence, should have possessed—the information necessary to file the instant motion well in advance of the November 1, 2021 deadline set by the Court.

Much like in *Roggio*, here, Plaintiff "utterly fail[s] to establish good cause to amend at this juncture in the litigation." 2011 WL 3625042, at *5. In a strikingly similar fashion, the plaintiffs in that case failed to amend by the scheduling order's deadline, never sought an extension to do so, and claimed the facts underlying their proposed amendment "were only made known through a deposition that occurred 8 months" prior. *Id.* The court, however, was not persuaded. Instead, it found that "the mundane facts forming the basis" of the plaintiffs' proposed amendment "were evident since the outset of [the] case or, at the very least, long before they sought leave." *Id.* Thus, because of their failure to diligently pursue these facts, the *Roggio* plaintiffs failed to show good cause to permit the proposed amendment. The facts of the present matter read nearly verbatim.

Having found that Plaintiff failed to demonstrate the diligence necessary to establish good cause under Rule 16(b)(4), no further analysis is necessary under Rule 15(a)(2). *See Premier Comp Sols. LLC*, 970 F.3d at 319. That said, the Court finds it is worthwhile to recap the following: Plaintiff filed the instant motion nearly seven months after the Court's deadline, never sought an extension to do so, and dubiously claimed that he learned of the facts underlying the proposed amendment two months prior to filing the motion—when, in fact, the Court finds that they appear to have been evident since the outset of discovery, or at the very least, well prior to the deadline to amend the pleadings. If the Court were to permit Plaintiff to proceed with his proposed amendment despite the aforementioned deficiencies, "it would render the scheduling order meaningless." *Roggio*, 2011 WL 3625042, at *6. Therefore, the Court denies the motion in its entirety.

## III.     CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **18th** day of **August**, **2022**, that Plaintiff's Motion to Amend Complaint [ECF No. 29] is **DENIED**.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.